IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GARY DEWAYNE HILL,<br>Petitioner, | §<br>§<br>§ | |
| v. | § | Civil Action No. 3:06-CV-124-B |
| | § | |
| NATHANIEL QUARTERMAN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>Respondent. | §<br>§<br>§<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. BACKGROUND

**A. NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

**B. PARTIES**

Petitioner Gary Dewayne Hill, TDCJ # 889555, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Midway, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**C. FACTUAL AND PROCEDURAL HISTORY**

On September 9, 1999, Hill entered a plea of guilty to a jury to two counts of aggravated robbery with a deadly weapon in cause numbers F-9970699-T and F-9970810-HT in the 283rd

Judicial District Court of Dallas County, Texas; the jury assessed his punishment at twenty-five years' confinement and a $10,000 fine in each case. (1Clerk's R. at 21; 2Clerk's R. at 25)[1]  The Fifth District Court of Appeals of Texas affirmed the trial court's judgment on March 14, 2001. *Hill v. Texas*, Nos. 05-99-01743-CR & 05-99-01744-CR, slip op. (Tex. App.–Dallas Mar. 14, 2001) (not designated for publication). Hill did not file a timely petition for discretionary review.

On September 9, 2002, Hill filed two state applications for writ of habeas corpus, one for each conviction, alleging, among other things, that his appellate counsel had been ineffective by failing to notify him of the state appellate court's affirmance, thereby precluding him from the opportunity for discretionary review and federal habeas review. *Ex parte Hill*, Application Nos. 54,080-01 & 54,080-02, at 7. Permission was granted to file an out-of-time petition for discretionary review by the Texas Court of Criminal Appeals in each action on October 15, 2003. *Ex parte Hill*, Application Nos. 74,808 & 74,809, at cover. Thereafter, Hill filed two petitions for discretionary review, one for each conviction, but both were refused by the Texas Court of Appeals on March 31, 2004. *Hill v. Texas*, PDR Nos. 1877-03 & 1878-03. Hill filed two additional state applications for writ of habeas corpus raising the claim presented herein, and the applications were both denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court on August 17, 2005.[2] *Ex parte Hill*, Application Nos. 54,080-04 & 54, 080-05, at cover. Hill filed this federal petition for writ of habeas corpus on January 18, 2006.[3] Quarterman has filed an answer with

---

[1] "1Clerk's R." refers to the trial court record in cause number F-9970699-T; "2Clerk's R." refers to the trial court record in cause number F-9970810-HT.

[2] See the state court's case information, *available at* http://www.cca.courts.state.tx.

[3] Typically, a pro se habeas petition is filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Hill did not sign or indicate in his original petition, received by the clerk for filing on January 18, 2006, the date he placed the petition in the prison mailing system; thus Hill is not given the benefit of the so-called mailbox rule. Hill filed an amended petition to correct these deficiencies.

supporting brief and documentary exhibits, to which Hill has filed a reply.

D. ISSUES

In this petition, Hill raises one ground for relief, in which he claims the plea agreement and the stipulation of evidence relevant to his guilty pleas were not signed by the trial judge, rendering his pleas and the stipulation invalid under state law. (Petition at 7-8.)

## II. STATUTE OF LIMITATIONS

As a preliminary matter, Quarterman argues Hill's petition should be dismissed with prejudice because his petition is barred by the statute of limitations. (Resp't Answer at 3-7.) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim

is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgments of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, Hill's convictions became final, and the one-year limitations period began to run upon expiration of the time he had for filing a petition(s) for discretionary review in the Texas Court of Criminal Appeals, on April 13, 2001; the limitations period closed on Monday, April 15, 2002, absent any tolling. *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

Hill is not entitled to statutory tolling under § 2244(d)(2). His state habeas applications, filed after limitations had already expired, did not operate to toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor does the fact that Hill was granted an out-of-time petition for discretionary review affect the running of the limitations period. *See Salinas v. Dretke*, 354 F.3d 425, 430-31 (5th Cir. 2004). Moreover, even if the Court granted Hill statutory tolling based upon his state-court filings, such tolling would be insufficient to make the instant petition timely.

Further, Hill has not alleged and demonstrated that he is entitled to tolling as a matter of equity, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling is warranted principally when the plaintiff is actively misled by the defendant or is prevented in some extraordinary way from asserting his rights. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001); *Coleman v. Johnson*, 184 F.3d 398, 403

(5th Cir. 1999). The record reflects that Hill's appellate counsel failed to send notice to him of the Fifth Court of Appeals's affirmance, and that Hill eventually obtained the information from the district clerk's office on March 20, 2002, upon his inquiry. A delay in receiving information regarding state court rulings under these circumstances is insufficient to meet the high standard necessary for equitable tolling. *See Lewis v. Cockrell*, 33 Fed. Appx. 704, 2002 WL 432658, at *3-4 (5th Cir. 2002) (not designation for publication in the Federal Reporter); *Moore v. Cockrell*, 313 F.3d 880, 881-82 (5th Cir. 2002). Nothing in the record suggests that Hill was actively misled or deceived by his appellate attorney or the state, or that he was prevented in some extraordinary way from asserting his rights. Mere attorney neglect is not an extraordinary circumstance justifying equitable tolling. *See Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

Hill's petition was due on or before Monday, April 15, 2002. Accordingly, his petition filed on January 18, 2006, is untimely.

### III. RECOMMENDATION

Hill's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

SIGNED on this 7th day of April, 2008.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE